UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| AVIATION TECHNOLOGY & TURBINE SERVICE, INC., | : | Hon. Joseph H. Rodriguez |
| Plaintiff, | : | |
| v. | : | Civil Action No. 15-7474 |
| YUSUF BIN AHMED KANOO CO., LTD., | : | MEMORANDUM OPINION & ORDER |
| Defendant. | : | |

This matter is before the Court on Plaintiff's motion for default judgment [10] and Defendant's motion to set aside default [14]. The Court has reviewed the submissions and decides the matter based on the briefs pursuant to Fed. R. Civ. P. 78(b). For the reasons stated here, Plaintiff's motion for default judgment will be denied and Defendant's motion to set aside default will be granted.

"The court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). A decision to set aside the entry of default pursuant to Fed. R. Civ. P. 55(c) is left primarily to the discretion of the district court. U.S. v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194 (3d Cir. 1984) (citation omitted). The Third Circuit does not favor entry of defaults or default judgments, and "doubtful cases" should "be resolved in favor of the party moving to set aside the default judgment so that cases may be decided on

their merits." Id. (quotations and citations omitted). In determining whether to set aside default, the district court must consider three factors: "(1) whether plaintiff will be prejudiced if default is not granted; (2) whether defendant has a meritorious defense; and, (3) whether defendant's delay was the result of culpable misconduct." Id. (citations omitted).

This Court finds that all three factors weigh in favor of vacating the Clerk's entry of default against Defendant. First, Plaintiff will not be prejudiced if default is vacated. The motion to set aside default was filed within four weeks of the entry of default. Second, Defendant has presented meritorious defenses to Plaintiff's claims, including lack of personal jurisdiction and a challenge to the propriety of Plaintiff's service of process. Third, there is no indication of culpable misconduct by the defense.

Accordingly,

IT IS ORDERED this 15th day of March, 2017 that Plaintiff's motion for default judgment [10] is hereby DENIED.

IT IS FURTHER ORDERED that Defendant's motion to set aside default [14] is hereby GRANTED.

Any request for attorneys' fees and costs is denied.

JOSEPH H. RODRIGUEZ
U.S.D.J.