UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| AVIATION TECHNOLOGY & TURBINE SERVICE, INC., | : | Hon. Joseph H. Rodriguez |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action No. 15-7474 |
| v. | : | |
| | : | OPINION |
| YUSUF BIN AHMED KANOO CO., LTD., | : | |
| Defendant. | : | |

This matter is before the Court on motion of Defendant Yusuf Bin Ahmed Kanoo Company, Ltd. to dismiss the Complaint pursuant to Federal Rules of Procedure 12(b)(2), 12(b)(5), and 12(b)(6), and on the basis of forum non conveniens. Oral argument on the motion was heard on December 6, 2017 and the record of that proceeding is incorporated here. For the reasons placed on the record that day as well as those articulated here, the motion will be granted.

Background

This is a breach of contract case. Plaintiff alleges that the parties had a longstanding business relationship which soured when Defendant Yusuf Bin Ahmed Kanoo Co., Ltd. failed to pay Plaintiff Aviation Technology & Turbine Service, Inc. over $1,000,000 for the purchase of gas turbine products beginning in 2009 and continuing for several years. Plaintiff is a

New Jersey corporation and Defendant operates in Saudi Arabia. The motion before the Court asserts that proper service was not made, the Courts lacks personal jurisdiction over the Defendant, Saudi Arabia is a more appropriate forum for this litigation, and Plaintiff has failed to sufficiently state a claim against Defendant.

## Service of Process

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirements of service of summons must be satisfied." *Omni Capital Int'l Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). Under Fed. R. Civ. P. 12(b)(4), a party may file a motion asserting insufficient process as a defense. Additionally, under Rule 12(b)(5), a party may file a motion asserting insufficient service of process as a defense. "When a party moves to dismiss under Rule 12(b)(5), the party making the service has the burden of demonstrating its validity." *Laffey v. Plousis*, No. 05-2796, 2008 WL 305289, at *3 (D.N.J. Feb. 1, 2008), aff'd, 364 Fed. Appx. 791 (3d Cir. 2010).

Federal Rule of Civil Procedure 4(h)(2) provides that, for "a place not within any judicial district of the United States," service may be made "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." In this case, Plaintiff attempted

service by requesting and receiving an *ex parte* "Order to Appoint Special Process Service to Serve a Corporation in a Foreign Country." The Order appointed a Special Process Server "for the purpose of serving process" on Defendant in Saudi Arabia "by delivering a copy of the Summons and Complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the Defendant." [Doc. 6.] Plaintiff's Special Process Server delivered a copy of the Summons and Complaint to an Abdul Jaleel, "Office-in Charge." [Doc. 7.]

Personal delivery alone is not appropriate when serving a foreign corporation. *See Trump Taj Mahal Assocs. v. Hotel Servs., Inc.*, 183 F.R.D. 173, 179 (D.N.J. 1998) (concluding that personal service on an officer of a foreign corporation was ineffective under Rule 4(h)(2)). In addition, Abdul Jaleel, was not, and never has been, authorized to accept service on behalf of Kanoo; he was not an "officer" or "managing or general agent" of Kanoo,[1] but was an administrative assistant in Kanoo's Travel Division. (Jaleel Decl. ¶ 3; Danish Decl. ¶ 2.) Service on such an

---

[1] Plaintiff acknowledges that Jaleel, as an Indian national, was not permitted to serve as a director or manager of a wholly owned Saudi Arabian company. (Pl. Br., p. 7.)

employee, who has no authority to exercise discretion on behalf of the company, is not proper under Rule 4(h) or under Saudi Arabian law. *See Gottlieb v. Sandia Am. Corp.*, 452 F.2d 510, 513 (3d Cir. 1971) (defining a "general agent" as one who has "broad executive responsibilities," and exercises them on a continuing bases as opposed to sporadically); Second Alissa Decl. ¶ 9 (explaining that service of process on a person lacking the written authorization or holding a validly issued power of attorney is improper).

Service also was not properly made under Federal Rule of Civil Procedure 4(f)(2)(A) as Plaintiff did not serve Kanoo "by a method . . . prescribed by the foreign country's law for service in that country." Saudi Arabian law requires that service on a corporation be made pursuant to the updated Article 17 of the Law of Procedure Before Shari'ah Courts ("Law of Procedure") to the company's director(s), a person acting on their behalf, or a person representing the director(s). (Second Alissa Decl. ¶¶ 5-6, 8-9, 10-12.) Article 13 of the Law of Procedure requires the "signature [of the person receiving process] on the original." (*Id.* ¶ 5.) There is no such signature on the purported proof of service. [Doc. 7.]

## Personal Jurisdiction

Alternatively, Plaintiff has failed to establish personal jurisdiction over the Defendant in this case. "[O]nce the defendant raises the question of personal jurisdiction, the plaintiff bears the burden to prove, by a preponderance of the evidence, facts sufficient to establish personal jurisdiction." *Carteret Sav. Bank, FA v. Shushan,* 954 F.2d 141, 146 (3d Cir. 1992). The plaintiff may not "rely on the bare pleadings alone in order to withstand the defendant's . . . motion . . . ." *Time Share Vacation Club v. Atl. Resorts, Ltd.,* 735 F.2d 61, 66 n.9 (3d Cir. 1984). Instead, "the plaintiff must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence." *Id.*

To exercise personal jurisdiction over a defendant, a federal court sitting in diversity must undertake a two-step inquiry. *IMO Indus., Inc. v. Kierkert, AG,* 155 F.3d 254, 259 (3d Cir. 1998). First, the court must apply the relevant state's long-arm statute to see if it permits the exercise of personal jurisdiction. *Id.* Second, the court must apply the principles of due process. *Id.* In New Jersey, this inquiry is conflated into a single step because "[t]he New Jersey long-arm rule extends to the limits of the Fourteenth Amendment Due Process protection." *Carteret Sav. Bank, FA,* 954 F.2d at 145 (citing N.J. Court R. 4:4–4(c)). Due Process requires a

plaintiff to show that a defendant has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945).

When a jurisdictional defense is raised, the plaintiff must show that the Court can exercise specific or general jurisdiction. *Mellon Bank (East) PSFS, N.A. v. DiVeronica Bros., Inc.,* 983 F.2d 551, 554 (3d Cir. 1993). To establish general jurisdiction, a plaintiff must "show significantly more than mere minimum contacts," and that the defendant's forum contacts are "continuous and substantial." *Gehling v. St. George's Sch. of Med., Ltd.,* 773 F.2d 539, 541 (3d Cir. 1985). In this case, Plaintiff acknowledges that the Court does not have general jurisdiction over Kanoo. (Pl. Br., p. 9 n.1.)

In contrast to general jurisdiction, the Court can exercise specific jurisdiction when the defendant purposely directs its activities at the forum, the litigation arises out of at least one of those activities, and the exercise of jurisdiction would "comport with fair play and substantial justice." *Burger King v. Rudzewicz,* 471 U.S. 462, 463 (1985). Where, as here, no evidentiary hearing was held on the jurisdictional issue, "the plaintiff need only establish a prima facie case of personal jurisdiction and the plaintiff is entitled to have [its] allegations taken as true and all factual disputes drawn

in [its] favor." *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 316 (3d Cir. 2007) (quoting *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004)). Establishing specific jurisdiction requires a three-part inquiry: whether there is purposeful availment—i.e., whether the defendant purposefully directed its activities at the forum; whether there is relatedness—i.e., whether the litigation arises out of or relates to at least one of the contacts; and, if the first two requirements are met, whether the exercise of jurisdiction otherwise comports with traditional notions of fair play and substantial justice. *O'Connor*, 496 F.3d at 317.

In this case, Plaintiff has outlined a longstanding business relationship with Kanoo. Relevant to this litigation and in a light most favorable to Plaintiff, in November of 2008, Kanoo, in Saudi Arabia, requested a quote from Plaintiff, in New Jersey, for certain turbine parts. After some telephone discussions between company representatives, on June 7, 2009 Kanoo sent Plaintiff a proposed letter of intent to purchase items from Plaintiff, but at a lower price than Plaintiff was willing to accept. Plaintiff and Kanoo engaged in subsequent telephone and e-mail exchanges. Ultimately, Plaintiff did not receive the full payment that it determined it was entitled to from Kanoo and this lawsuit followed.

The Court finds Kanoo's contact with New Jersey fortuitous, rather than as the result of a deliberate targeting of the forum. Therefore, there was no purposeful availment with New Jersey to form the basis for personal jurisdiction. Plaintiff's unilateral choice of residence cannot serve as a basis for a nonresident defendant to be haled into court here. *See Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 417 (1984) ("[The] unilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction."). Instead, the "'minimum contacts' analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Walden v. Fiore*, 134 S. Ct. 1115, 1122 (2014) (Finding "the plaintiff cannot be the only link between the defendant and the forum."). "The mere existence of a contract is insufficient to establish minimum contacts." *Budget Blinds, Inc. v. White*, 536 F.3d 244, 261 (3d Cir. 2008).

Further, the record does not support a finding of relatedness; that is, this litigation does not arise out of or relate to contact with New Jersey. Kanoo's representative, Ashfaq Ahmed, traveled to the United States in 2009 for purposes of attending an exhibition in Las Vegas, Nevada. (Second Ahmed Decl. ¶ 9.) Before attending the exhibition, Ahmed met two

of Plaintiff's representatives at Plaintiff's office in New Jersey. (*Id.* ¶¶ 9-11.) During this visit, the parties did not negotiate the purchase orders in dispute, nor did Ahmed agree to adjust the pricing of the purchase orders. (*Id.* ¶¶ 11-12.) Business trips to a forum state unrelated to the matter at hand are insufficient to confer specific personal jurisdiction. *See, e.g.*, *Allaham v. Naddaf*, 635 F. App'x 32, 41 (3d Cir. 2015). Nor does the placing of purchase orders and subsequent remittance of payments sufficient to confer jurisdiction. *See Merco, Inc. v. S. Cal. Edison Co.*, No. 06-5182, 2007 WL 1217361 (D.N.J. Apr. 24, 2007).

## Conclusion

For these reasons as well as those discussed during oral argument, Defendant's motion to dismiss will be granted. An appropriate Order will be entered.

Dated: March 19, 2018

                                          /s/ Joseph H. Rodriguez
                                          JOSEPH H. RODRIGUEZ
                                          U.S.D.J.